IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAWN L. ABNEY, #169106,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:13-CV-865-WHA |
| ) | [WO] |
| ) | |
| SGT. FOSTER, et al.,  ) | |
| ) | |
| Defendants.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this civil action, Shawn L. Abney ["Abney"], a state inmate, complains that correctional officers at the Donaldson Correctional Facility used excessive force against him in September of 2013. Abney further asserts that he was denied medical treatment at this facility for injuries suffered during the alleged assault.[1]

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

**II.  DISCUSSION**

A federal civil action regarding purported violations of a prisoner's constitutional rights should be brought "in (1) a judicial district where any defendant resides, if all defendants reside

---

[1] The plaintiff initially filed this complaint in the Circuit Court of Montgomery County, Alabama. On November 27, 2013, the medical defendant removed the cause of action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. The correctional defendants consented to and joined in this removal.

in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The individuals named as defendants reside in the Northern District of Alabama. The Donaldson Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which the plaintiff complains likewise occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. The claims asserted by the plaintiff are therefore beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before January 17, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE